UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MISSOURI McCANN | CIVIL ACTION |
| VERSUS | NO. 17-4006 |
| BP EXPLORATION & PRODUCTION, INC., *et al.* | SECTION M (4) |

## ORDER & REASONS

Before the Court is a motion by defendants BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") for summary judgment.[1] The motion was set for submission on May 19, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was May 11, 2022. Plaintiff Missouri McCann, who is represented by counsel, did not file an opposition. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 40. Defendants Haliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc. join in the motion. *Id.* at 1 n.1.

[2] R. Doc. 40-3.

[3] This toxic-tort case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010. McCann filed this suit in 2017, alleging that toxic exposures from the oil spill, oil-spill response, or cleanup caused him to develop medical conditions, including headaches, dizziness, and stomach issues. R. Doc. 1-1 at 5. McCann's case, which was originally part of the multidistrict litigation ("MDL") arising out of the Deepwater Horizon incident and known as a "B3" case, was severed from the MDL and reallotted to this section of court. R. Docs. 6; 7; 8. On November 9, 2021, this Court entered a scheduling order that set April 25, 2022, as McCann's expert disclosure deadline. R. Doc. 34 at 3. To date, McCann has not designated any experts. R. Doc. 40-2 at 2-3. A B3 plaintiff must prove that exposure to oil, a chemical, or other substance legally caused his or her physical condition. Generally, "'when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation.'" *Cibilic v. BP Expl. & Prod.*, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (quoting *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002)). Expert testimony is required to establish causation in toxic-tort cases where "'[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden'" of proof. *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009) (quoting *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). Because he did not timely designate any experts, McCann cannot present the expert testimony required to prove his claim. Thus, BP is entitled to summary judgment in its favor.

1

IT IS ORDERED that BP's motion for summary judgment (R. Doc. 40) is GRANTED, and McCann's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 12th day of May, 2022.

                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE